The petitioner, Jesse Sowers, filed his bid for carrying the Confederate States mail on Route No. 2222, between Thomasville and Shady Grove in the State of North Carolina — 14 miles long, stating, in his application that he was then a soldier in the Confederate Army; which bid, with this assurance, was accepted by the Postoffice Department, and he was discharged by the officers of his regiment and brigade. His bonds were accepted and he put in charge of the mail, which he has been carrying from July up to the time of his arrest.
The act of 14 April, 1863, enacts: "That the contractors for (385) carrying the mails of the Confederate States shall be exempt from performance of military duty in the armies of the Confederate States from and after the passage of this act, during the time they are such *Page 246 
contractors: Provided, that no more than one contractor shall be exempt on any route, and that no more than one member of any firm of contractors shall be exempt, and no contractor on any route of less than 10 miles in length, and on which the mail is carried on horse, shall be exempt under this act; and if one or more members of any firm be exempt, from age or other cause, from the performance of military duty, the other member or members of such firm shall not be exempt by this act on account of being mail contractors: and Provided further, that no person to whom a contract for carrying the mails may be transferred, with the consent of the Postoffice Department, after the passage of this act, shall be exempt from military service on that account."
The question is, Does this act embrace persons who are in the military service of the Confederate States, so that a soldier is at liberty to become a bidder for a mail contract, and, if he obtains it, gives bond, and enters upon the performance of the contract, he is exempted from military service; or is the operation of the act confined to persons who are not in the military service? Upon this question there seems to be a conflict between the Department of War and the Postoffice. The one insists that the act extends to all persons who may choose to bid — the policy being to have as much competition as possible, and in that way get the mail service performed for the lowest amounts. The other, that the act does not include persons who are enrolled as conscripts, and certainly not those in actual military service. The courts are not at liberty to enter into a discussion of this political question. Our duty is to ascertain, by fixed rules of law, the intention of the lawmakers from the words they have selected to express it.
(386) In this case the words are general. What is then to control them and except from their meaning persons who have been enrolled or are actually in military service? There is no proviso to that effect. It is said this should be supplied from the use of the word "exempted," which we are told in military circles is confined to persons not in service, the word "discharge" being used in reference to those who are in the service. "Exempted" is not a technical term, and, as is said byJudge Haliburton, of the District Court of the Confederate States, In reLane, and by myself In re Bradshaw, ante, 379, in its ordinary signification, its meaning is "to take out of or from," "to free from" any service or burden to which others are subject — as to exempt from military service; to exempt from taxation. It is a settled rule of construction that words in a statute are to be taken in their ordinary signification, unless there be something in the subject-matter or in the context to show they were used in a different sense. The courts cannot require members of Congress to take notice of a distinction which may obtain in the War Department or among gentlemen of the army, and to *Page 247 
conform to it, by saying all persons not in the army or enrolled as conscripts, becoming mail contractors, shall be "exempted," and those who are in the army or have been enrolled as conscripts shall be "discharged," in order to express the intention to free from military service all mail contractors. It is sufficient if words be used which, in their ordinary signification, express that intention; if so, the courts must give effect to it. There is nothing in the nature of the subject of which the courts can take notice, and nothing in the context to control the (387) general words.
The cases of Irvin, Meroney, and of Bryan, ante, 1, as to the construction of the conscription act; In re Guyer, ante, 66, and others, as to the construction of the exemption act, 11 October, 1862, support this conclusion — for in those cases special considerations, growing out of the nature of the subject and the contexts are relied on and held sufficient to control the general words. Here there are no special circumstances, and the general words stand by themselves and must be allowed their full effect. The decision of Judge Haliburton In re Lane, referred to above, is an authority directly in point — the very question is decided — save that this case goes a little further, because the petitioner proves the additional fact, that after being accepted as a mail contractor, he was discharged from the army by the proper military authority; but I lay no stress on this circumstance, and base my decision on the general principles. The decision of Judge Meredith,In re Brooking, that a soldier in the army who is made a justice of the peace and duly qualified as such is exempted, also supports my conclusion, and likewise my decision In re Bradshaw, in which it is held that a constable, although in the army, is exempted by the act of May, 1862, and the claim of the Governor in pursuance thereof, to have exempted "all constables," as necessary for the due administration of the laws of the State, and the reasoning on which it is put, support the conclusion that the petitioner is exempted by law.
It is, therefore, considered by me that the petitioner, Jesse Sowers, is entitled to exemption from service in the Confederate Army, and it is adjudged by me that he be discharged, with leave to go wheresoever he will. It is ordered that Lieut. J. A. Little pay the cost, (388) to be taxed by the clerk of Davidson Superior Court; that the papers be filed in the office of the said clerk, and that the clerk give copies to the parties.
Done at Salisbury, N.C. 20 February, 1864.
NOTE. — Vide In re Russell, ante, 388; Smith v. Prior, post, 317;Johnson v. Mallett, post, 410; Bridgman v. Mallett, post, 500; Johnson v.Mallett, post, 511; Bringle v. Bradshaw, post, 514. *Page 248